T. E. McSHAFFREY CONSTRUCTION CO., PETITONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 14967.   Promulgated January 13, 1930.

*John T. Kennedy*, *Esq.*, for the petitioner.
*D. A. Taylor*, *Esq.*, for the respondent.

OPINION.

MARQUETTE: In the petition herein the petitioner alleges that it entered into contracts with T. E. McShaffrey to construct for him a hotel for the amount of $324,000; that the hotel was constructed during the years 1919 and 1920 at a total cost of $479,624.90, and that the petitioner sustained a loss on the transaction of $155,624.90, of which the amount of $59,805.46 was sustained in 1919 and the amount of $95,819.44 in 1920. It appears from the deficiency letter that the petitioner claimed these amounts as deductions from its gross income for the years 1919 and 1920, and that they were disallowed by the respondent. The tax liability of the petitioner for 1919 is in controversy in this proceeding for the reason that the respondent has heretofore determined a net loss for 1919, and, if the additional amount of $59,805.46 should be allowed as a deduction for 1919, the net loss for that year would be increased, and would thereby increase the amount of the net loss to be applied against the petitioner's income for 1920 after the application to the year 1918. However, at the hearing counsel for the petitioner stated that it is now impossible to trace and identify certain items connected with the construction of the Marne Hotel, and that therefore they are unable to establish the loss alleged in the petition. They contend, however, that the amount paid or incurred on the Russell subcontract in excess of the $50,000 maximum payment provided by the subcontract, constitutes a loss separate and apart from its construction contract with McShaffrey, which should be allowed as a deduction in computing 1920 income, regardless of whether the contract with McShaffrey resulted in gain or loss. The respondent urges (1) that the loss, if any, on the contract was not sustained in 1920, because payment to the Standard Sanitary Manufacturing Co. was not made until 1921 and subsequent years, and (2) that the amount in question constituted part of the cost to the petitioner of constructing the Marne Hotel and is, therefore, a part of the basis for computing profit or loss on that contract.

For the purpose of this opinion we may assume, without deciding that upon the default of Russell on the subcontract the petitioner became liable for the material furnished Russell by the Standard Manufacturing Company, that the liability attached and was acknowledged in 1920, and that any claim the petitioner had against Russell was worthless. Granting all this, we are, nevertheless, of the opinion that the petitioner is not entitled to the deduction it seeks. The obligation of the petitioner under its contract was to construct a hotel, including the plumbing and heating, for a certain sum. It chose to install the plumbing and heating fixtures through a subcontractor, and on account of the default of the subcontractor, after he had received practically the maximum amount that might become due him under the subcontract, was required to pay for certain materials for which the subcontractor should have paid, and to complete and pay for their installation. The petitioner was primarily liable to furnish and install these plumbing and heating fixtures, and the amount they finally cost the petitioner, was, in our opinion, a part of the total cost to it of constructing the hotel, and the total cost is the basis for computing gain or loss on the contract with McShaffrey. We are unable to agree with the petitioner that the amount it paid for the plumbing and heating fixtures and for their installation in excess of the maximum amount it had contracted to pay Russell should be considered as a loss separate and apart from any profit or loss arising under the original contract. The petitioner relies on the *Leichner & Jordan Co.*, 4 B. T. A. 133. However, that case involves payments made by an owner of a building in settlement of mechanics' liens placed by subcontractors on the building after the owner had settled in full with the original contractor. In our opinion that case is distinguishable on its facts and is not controlling in the instant proceeding.

Reviewed by the Board.

*Judgment will be entered for the respondent.*